**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

BRANDON CRAIG,
*individually, and on behalf of others similarly situated,*

Plaintiffs,

v.

RED OAK SANITATION, LLC, RED OAK SANITATION, INC., SHERYL LYNN LUCE, MARLON WALTER LUCE, and ANTHONY J. GRUTADAURIO

Defendants.

Civil Action No.:

____________________________

**COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Brandon Craig files this Complaint against Defendants Red Oak Sanitation, LLC and Red Oak Sanitation, Inc. (collectively "Red Oak"), Sheryl Lynn Luce, Marlon Walter Luce, and Anthony J. Grutadaurio (hereinafter collectively "Defendants") respectfully showing as follows:

**NATURE OF THE ACTION**

1. This is a collective action for unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. In this collective action, Named Plaintiff Brandon Craig alleges Defendants willfully violated the FLSA by failing pay to him and other similarly

situated employees ("Plaintiffs") regular wages and overtime wages to Plaintiffs and similarly situated employees for hours worked over 40 per week.

3. The proposed class of Plaintiffs that Named Plaintiff Craig seeks to represent, and on whose behalf of whom Craig files this collective action, consists of all employees similarly situated to Named Plaintiff Craig with a proposed definition as follows:

> All persons who perform(ed) waste collection work for Defendants as non-exempt day rate or salaried employees, including, but not limited to, all Drivers, Helpers, laborers, and/or other similar job titles or designations out of any office in the United States at any time within three (3) years of filing this Collective Complaint or who are currently employed by Defendants.

**PARTIES**

4. Named Plaintiff Brandon Craig is an individual resident of Hall County, Georgia, and consents to this Court's jurisdiction.

5. Opt-In Plaintiff James Hardison is an individual resident of Forsyth County, Georgia, and consents to this Court's jurisdiction.

6. Opt-In Plaintiff James Hardison consents to join this lawsuit. Plaintiff Hardison's consent to join lawsuit form is attached as **Exhibit 1**.

7. Defendant Red Oak Sanitation, LLC is a Delaware limited liability company registered and licensed to do business in the State of Georgia.

8. For a portion of the relevant period, Red Oak was registered in Georgia as Red Oak Sanitation, Inc.

9. Effective April 26, 2024, Red Oak's registration was converted via certificate of conversion to Red Oak Sanitation, LLC. Red Oak is currently registered as Red Oak, LLC.

10. Red Oak Sanitation, LLC and Red Oak Sanitation, Inc. may be served through its registered agent, Marlon Luce, at 4405 Canton Highway, Cumming, Georgia 30040.

11. Sheryl Lynn Luce is the founder and CEO of Red Oak and a co-owner of Red Oak.

12. Sheryl Luce is a resident of Georgia and may be served wherever she may be found.

13. Marlon Walter Luce is an executive of Red Oak and a co-owner of Red Oak.

14. Marlon Walter Luce is a resident of Georgia and may be served wherever he may be found.

15. Anthony J. Grutadaurio is an executive and co-owner of Red Oak.

16. Anthony J. Grutadaurio is a resident of Georgia and may be served wherever he may be found.

## JURISDICTION AND VENUE

17. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

18. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

19. The Court has personal jurisdiction over Red Oak because Red Oak is authorized to do business in Georgia.

20. The Court has jurisdiction over Defendant Sheryl Lynn Luce because she is a resident of Georgia, does business in Georgia, and owns real property in Georgia.

21. The Court has jurisdiction over Defendant Marlon Walter Luce because he is a resident of Georgia, does business in Georgia, and owns real property in Georgia.

22. The Court has jurisdiction over Defendant Anthony Grutadaurio because he is a resident of Georgia, does business in Georgia, and owns real property in Georgia.

**DEFENDANTS ARE COVERED BY THE FLSA AND EMPLOYED PLAINTIFFS**

23. Red Oak is a privately held company that provides commercial and residential waste disposal services to customers in Georgia.

24. Plaintiffs were employed by Defendants as Drivers and/or Helpers for Red Oak.

25. During the time that Plaintiffs were employed, Red Oak had two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

26. Red Oak employs two or more individuals who regularly communicate across state lines using the interstate mail, internet, and telephone while performing their job duties.

27. Red Oak's employees handle and use materials that were manufactured outside the state of Georgia and traveled through interstate commerce, such as computers, computer software, paper supplies, printers, and copiers, while performing their job duties.

28. For the three years preceding the filing of this Complaint, Red Oaks's annual dollar volume of sales of business transactions exceeded $500,000.00 per year.

29. Defendants Sheryl Luce, Marlon Luce, and Anthony Grutadaurio also employed Plaintiffs.

30. During the time that Plaintiffs were employed by Red Oak, Red Oak vested Defendants Sheryl Luce, Marlon Luce, and Anthony Grutadaurio with supervisory authority over Plaintiffs.

31. Defendants Sheryl Luce, Marlon Luce, and Anthony Grutadaurio exercised supervisory authority over Plaintiffs.

32. Defendants Sheryl Luce, Marlon Luce, and Anthony Grutadaurio scheduled Plaintiffs' working hours and/or supervised the scheduling of Plaintiffs' working hours, and/or as owners of Red Oak, controlled and directed pay practices of Red Oak that related to Plaintiffs.

33. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

34. Defendants determined the employment practices applicable to Plaintiffs.

35. Defendants had the authority to create and change the employment policies and practices applicable to Plaintiffs, including policies and practices related to Plaintiffs' wages and hours worked.

36. Defendants had the authority to enforce the employment policies and practices applicable to Plaintiffs, including policies and practices related to Plaintiffs' wages and hours worked.

37. Defendants determined how Plaintiffs were paid.

38. Defendants set Plaintiffs' schedules.

39. Defendants had the ability to hire and fire Plaintiffs.

40. Defendants maintained Plaintiffs' employment records, such as time and payroll records.

41. At all times relevant to this suit, Plaintiffs were not exempt from the overtime provisions of the FLSA.

## STATEMENT OF FACTS

42. Plaintiffs are former and current employees of Defendants.

43. Plaintiffs were employed by Defendants as "Drivers" or "Helpers."

44. Plaintiffs' primary job duty as drivers was the performance of manual "blue-collar" labor related to garbage disposal.

45. Plaintiffs performed garbage disposal directly for Defendants residential and commercial customers.

46. Garbage disposal is the core service which Defendants offer to their customers.

47. Drivers operate the garbage trucks owned by Defendant Red Oak.

48. Drivers collect garbage from garbage cans for Defendants commercial and residential customers and dispose of the collected garbage at landfills.

49. Helpers ride on the trucks and help with the garbage collection.

50. Drivers are not exempt from the overtime provisions of the FLSA.

51. Helpers are not exempt from the overtime provisions of the FLSA.

52. Drivers and Helpers were and are paid a "day rate" that varies from Plaintiff to Plaintiff.

53. Defendants paid and pay Drivers and Helpers the same respective day rate regardless of the number of hours that they work on a given day.

54. Drivers and Helpers weekly pay did not change based on the hours worked over forty (40) hours per weeks, resulting in a consistent weekly salary if Plaintiffs worked all five days.

55. For example, Named Plaintiff Craig was paid a day rate of $250 per day and was typically paid $1250.15 per week up to the pay period beginning October 30, 2023, regardless of his hours worked.

56. For the pay period beginning October 30, 2023 and thereafter, Named Plaintiff Craig was paid a day rate of $270 per day and typically paid $1350.25 per week regardless of his hours worked.

57. The day rate Defendants paid Plaintiffs improperly and illegally attempted to build in two hours of overtime per day.

58. If Plaintiffs worked all five days, their paystubs would show 40 hours of regular pay and 10 hours of overtime pay.

59. In paying Plaintiffs a weekly rate that purported to include 10 hours of overtime, Defendants attempted to reverse engineer overtime compensation for a fixed number of overtime hours worked by Plaintiffs.

60. Defendants willfully failed to calculate Plaintiffs' overtime rates of pay using Plaintiffs' actual hours worked in violation of the FLSA.

61. The paystubs given to Plaintiffs show and affirm that Defendants knew Plaintiffs were supposed be receiving overtime wages.

62. Instead, Defendants improperly attempted to reverse engineer overtime rates into the day rates and consistent weekly rate that did not change based on the hours worked by Plaintiffs.

63. For most of the relevant time period, Defendants did not track Plaintiffs' hours worked.

64. Defendants allegedly began tracking hours worked after Named Plaintiff Craig separated from Red Oak.

65. Plaintiffs regularly worked more than 40 hours per week.

66. Plaintiffs and similarly situated employees never worked less than 40 hours per week unless they took time off or had a holiday.

67. In typical weeks, Plaintiffs and similarly situated employees always worked more than 40 hours per week.

68. For example, in many weeks, Craig and other similarly situated employees typically began working at 5:30 a.m., and Craig was required to prepare his truck while waiting on Helpers to arrive.

69. Craig and other similarly situated employees then worked collecting garbage from cans until at least 3:30 p.m. each day.

70. On some days Craig and other similarly situated employees worked as late as 6:30p p.m. or 7:30 p.m. collecting cans.

71. Drivers were tasked with texting dispatch when they picked up their "last can" on most days worked.

72. After collecting the last can of the day, Craig and other similarly situated employees were required to drive to a landfill to deposit the garbage collected during the day and then return their trucks to a Red Oak truck yard.

73. Depositing collected garbage into a landfill and returning the truck to a truck yard potentially adds up to 3 hours of work per day to a drivers' workday.

74. Craig and other similarly situated employees were also required to clean and maintain their trucks upon arrival at the end of the day, resulting in additional working time after arriving back at the truck yard.

75. Craig and other similarly situated employees were sometimes required to drive from one Red Oak truck yard to other Red Oak truck yards if additional trucks were needed in that area.

76. For example, on some workdays, Craig was required to drive from the Red Oak location in Gainesville, Georgia to the Red Oak location in Cumming, Georgia.

77. Driving from one Red Oak locations to another significantly increased the number of hours Plaintiffs and other similarly situated employees worked.

78. Plaintiffs weekly pay was typically the same regardless of how many hours they worked per week.

79. Upon information and belief, the trucks utilized by Drivers and Helpers were equipped with GPS tracking that will show the hours trucks were in operation.

**FACTUAL ALLEGATION IN SUPPORT OF COLLECTIVE ACTION CERTIFICATION**

80. Defendants employ other individuals substantially similar to Plaintiffs who were denied overtime wages under the to the same employment policies, plan, or practices forming the bases of the FLSA violations alleged in the Complaint.

81. Defendants employ other individuals who were or are paid on the same illusory day rate basis, which fails to compensate them for all overtime hours worked and fails to compensate them at a permissible overtime rate as Plaintiffs.

82. Defendants employ other individuals who hold similar job positions and perform similar job duties.

83. Defendants employ other individuals who were or are employed as drivers whose primary job duty is the operation of garbage trucks and/or the collection and disposal of garbage for Defendants residential and commercial customers.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

84. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

85. The FLSA requires the payment of overtime wages for any hours over 40 per week worked by non-exempt employees.

86. Plaintiffs are not exempt from the FLSA's requirements regarding the payment of overtime for hours worked over 40 per week.

87. Plaintiffs regularly worked over 40 hours per week.

88. Defendants were aware of Plaintiffs overtime work.

89. Defendants suffered or permitted Plaintiffs' overtime work.

90. Plaintiffs were entitled to be paid 1.5 times their regular rate for every hour they worked over 40 per week,

91. Defendants were aware that Plaintiffs were entitled to be paid 1.5 times their regular rate for every hour they worked over 40 per week.

92. Rather than paying Plaintiffs 1.5 times their regular rate for all overtime hours they worked over 40 per week, Defendants impermissibly attempted reverse engineer the payment of overtime from an assumed 10 hours of overtime worked per week and build in overtime to the regular day rate Plaintiffs received.

93. In addition to failing to pay Plaintiffs for all overtime hours worked, Defendants failed to properly calculate Plaintiffs overtime rate based on their actual hours worked.

94. Defendants willfully failed to pay Plaintiff at 1.5 times their regular rate of pay for all hours worked over 40 per week.

95. Defendants failed to maintain records of Plaintiffs hours worked in violation of the FLSA.

96. Defendants are liable for their failure to pay Plaintiffs' overtime under the FLSA.

97. Defendants' failure to pay overtime wages in violation of the FLSA damaged Plaintiff in an amount to be proven at trial.

98. Plaintiffs are entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and expenses in accordance with 29 U.S.C. § 216(b).

**DEMAND FOR JUDGMENT**

Plaintiffs respectfully request that the Court:

(1) Certify this action as a collective action under the FLSA, with the Named Plaintiff designated as representative of the collective and their counsel of record be designated as Counsel for the collective.

(2) Enter judgment in Plaintiffs' favor that Defendants violated Plaintiffs' rights under the FLSA;

(3) Enter judgment in Plaintiffs' favor that Defendants' violations of their rights under the FLSA were willful and intentional;

(4) Award Plaintiffs all unpaid overtime wages for a period of three years;

(5) Award Plaintiffs liquidated damages in an amount equal to their unpaid wages;

(6) Award Plaintiffs' reasonable attorney's fees, costs, and expenses;

(7) Award Plaintiffs pre-judgment interest;

(8) Award Named Plaintiff fair and reasonable incentive payments for bringing this action;

(9) Award all other relief to which Plaintiffs' may be entitled; and

(10) Award such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs request a trial by jury under Fed. R. Civ. P. 38.

Respectfully submitted, Tuesday, September 17, 2024.

***/s/ J. Daniel Cole***
**J. Daniel Cole**
Georgia Bar No. 450675
dcole@pcwlawfirm.com
**Evan P. Drew**
Georgia Bar No. 747993
edrew@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
1335 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404-873-8000

*Counsel for Plaintiff*

**CONSENT TO JOIN LAWSUIT**

I worked for Red Oak Sanitation, LLC and/or Red Oak Sanitation, Inc. (Defendants) within the last three years. I consent to join this lawsuit and to assert all claims I may have for unpaid wages, liquidated damages, and attorney's fees and costs against Defendants under the Fair Labor Standards Act.

I understand that I am joining this collective action as a member of a class of similarly-situated individuals and that, if accepted for representation, my legal counsel will be Parks, Chesin & Walbert P.C. I authorize the named Plaintiff to make decisions with respect to the conduct and handling of this action, including settlement. I understand and agree that I will be bound by any settlement agreement that is executed by the Named Plaintiff on my behalf and approved by the Court; that counsel, acting as my attorneys-in-fact, shall have full power to execute and negotiate any and all instruments and documents to facilitate any recovery or settlement approved by the Plaintiff, including negotiating any checks or instruments payable to me, and deducting therefrom any fees or expenses that remain unpaid at the time of disbursement of the proceeds of any recovery; that I will be subject to the fee agreement entered into between named Plaintiff and Parks, Chesin & Walbert, P.C., and that I will be bound by any judgment or orders affecting my rights entered by the Court in this action.

Your Name: James Wyatt Hardison

Signature: James Hardison (Sep 13, 2024 13:26 EDT)

Date: Sep 13, 2024

EXHIBIT 1